Order Form (01/2005)

# United States District Court, Northern District of Illinois 

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8578 | **DATE** | 12-8-11 |
| **CASE TITLE** | Francisco Gonzalez (#B-33364) v. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $11.32 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at Stateville Correctional Center. The Clerk is directed to issue summons for Defendant Hardy, and the United States Marshals Service is appointed to serve him. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order. Plaintiff's motion for appointment of counsel [#4] is denied.

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff, Ramon Delgado, presently in state custody at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges deliberate indifference to a serious medical condition. More specifically, Plaintiff claims that he broke his foot in 1997, requiring surgery. He claims that he was prescribed a low bunk permit and orthopedic shoes in 2010, but despite his best efforts and notifying Defendant Hardy of his injury and the resulting pain on June 29, 2011, he has been denied the shoes and low bunk permit.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $11.32. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action under the Civil Rights Act as to Defendant Hardy for deliberate indifference to a serious medical need. *Davis v. Carter*, 453 F.3d 686, 696 (7th Cir. 2006). While a **(CONTINUED)**

AWL

U.S. DISTRICT COURT
2011 DEC -9 AM 5:58
FILED

more fully developed record may belie the Plaintiff's allegations, Defendant Hardy must respond to the complaint.

The Clerk shall issue summons for service of the complaint on Defendant Hardy (hereinafter, "Defendant"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. If Defendant can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motion for appointment is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656; *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be considered in determining whether to appoint counsel).

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. Although Plaintiff has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary. His claims have been stated in a manner sufficient to satisfy the requirements of FED. R. CIV. P. 8(a) and the law governing conditions of confinement cases is well developed and clear.

As Plaintiff appears more than capable of presenting his case, the Court declines to appoint counsel for him at this time. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.