# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John Z. Lee | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8578 | **DATE** | 8/9/12 |
| **CASE TITLE** | Francisco Gonzalez (#K-82685) vs. Marcus Hardy | | |

**DOCKET ENTRY TEXT**

Defendant Hardy's motion to dismiss [#11] is denied. Defendant shall answer the complaint within thirty days of the date of this order. This matter is set for status on September 13, 2012 at 9:15 a.m.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant Marcus Hardy, the warden of Stateville Correctional Center, violated Plaintiff's constitutional rights by acting with deliberate indifference to his medical needs. More specifically, Plaintiff alleges that due to a prior injury he requires a low gallery/low bunk permit and orthopedic shoes, and although he has filed grievances and personally complained to Defendant Hardy, he has been unable to obtain the necessary permits and shoes. Defendant Hardy has filed a motion to dismiss the complaint for failure to state a claim against him. For the reasons stated in this order, the motion is denied.

It is well established that *pro se* complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), a plaintiff need only state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Bell Atlantic Corp.,* 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)); *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556.

## FACTS

## STATEMENT

Plaintiff alleges that in 1997, he suffered a broken ankle requiring surgery for ligament repair, and since then he has suffered debilitating pain and numbness in three toes. He further alleges that he was prescribed low gallery/low bunk permits and orthopedic shoes as early as 2004. Plaintiff had problems getting the low gallery/low bunk permit honored and was unable to have his prescription for orthopedic shoes filled, so he filed a grievance in August of 2010. After he filed the grievance, he did see a physician on October 27, 2010, who prescribed him a low gallery/low bunk permit, and orthopedic shoes, however, his permit was only honored for seven months and he never received his orthopedic shoes. His low gallery/low bunk permit was honored from November 23, 2010 to June 30, 2011, but then he was moved to 8 gallery, causing him to have to climb four flights of stairs between four and eight times per day. Plaintiff alleges that he never received the prescribed orthopedic shoes.

Plaintiff continued the grievance process, appealing his August 2010 grievance, and ultimately his grievance appeal was denied by the Administrative Review Board in Springfield on April 21, 2011, because it found that the shoes had been ordered by the doctor on October 27, 2010.

On May 4, 2011, Plaintiff alleges he spoke to a counselor about his attempt to procure orthopedic shoes. On June 29, 2011, Plaintiff spoke to Defendant Hardy about his inability to procure the prescribed shoes, and Plaintiff alleges that Defendant Hardy told a correctional major to look into the problem. Plaintiff spoke to the major on July 6, 2011, and at least five times to other correctional officials, and was unable to obtain relief.

## DISCUSSION

Defendant Hardy's motion to dismiss is denied. Defendant essentially argues that Plaintiff alleges only that Defendant Hardy signed off on the denial of his August 2010 grievance, and that Plaintiff never filed a grievance after his conversation with Plaintiff on June 29, 2011.

Initially, Defendant Hardy argues that he should be dismissed as a Defendant because Plaintiff does not have a right to the grievance process or to a particular outcome to his grievance. While this may be true, *see Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996) (There is no constitutional right to the satisfactory resolution of institutional grievances.), it is also true that prison officials may be held liable for failing to respond to violations of a prisoner's constitutional rights that come to his or her attention via the grievance process. *See Santiago v. Walls*, 599 F.3d 749, 758-59 (7th Cir. 2010); *see also Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009).

"[N]onmedical officials can 'be chargeable with . . . deliberate indifference' where they have 'a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner.' " *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011) (quoting *Hayes v. Snyder*, 546 F.3d 516, 525 (7th Cir. 2008)). "Non-medical defendants cannot simply ignore an inmate's plight." *Arnett*, 2011 WL 4014343, at *10. While the doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983, *see, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008), supervisors may not "turn a blind eye" to constitutional violations. *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). Plaintiff alleges an ongoing inability to obtain prescribed orthopedic shoes and permits and that he followed the grievance process to its conclusion only to have his grievance appeal denied because the shoes had been ordered. He then personally spoke to Defendant Hardy and even then was unable to obtain relief.

In *Burks v. Raemisch*, 555 F.3d 592 (7th Cir. 2009), the Court of Appeals for the Seventh Circuit affirmed the dismissal of grievance officials whose only role was to forward grievances to the health care unit for resolution and whom the plaintiff could not reasonably blame for any deficiencies on the part of the medical staff. "The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Under the circumstances of this case, however, Hardy may be liable for ignoring Plaintiff's complaints, in person and via grievance, that he had ongoing difficulty in

getting a low gallery/low bunk permit honored, and that he never received his prescribed orthopedic shoes. Plaintiff attempted to resolve the issue by grievance and received no relief. He additionally spoke directly to Defendant Hardy, after the grievance process was complete, and was referred to other correctional personnel, who Plaintiff alleges did not resolve his problem. Plaintiff has articulated a viable cause of action against Defendant Hardy for acting with deliberate indifference to his medical needs.

With respect to the requirement that Plaintiff exhaust his administrative remedies prior to filing suit, a detainee must take all the steps required by the institution's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Moreover, exhaustion is a precondition to filing suit, so that a detainee's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *See Ford*, 362 F.3d at 398; *Perez*, 182 F.3d at 536-37. Plaintiff was originally prescribed orthopedic shoes in 2004. He alleges he never received them. He filed his grievance in August of 2010, and as a result, was sent to see the doctor, who wrote a new prescription for the shoes. Plaintiff continued to pursue his grievance through the appeals process to its conclusion, but he never received his prescribed shoes, and alleges he still does not have a low gallery/low bunk permit. When Plaintiff received the letter from the ARB on April 21, 2011, denying his grievance, he completed the IDOC's grievance procedure. *See* Defendant's motion, p. 5. As he completed the grievance process with respect to his ongoing inability to obtain proper medical care, Plaintiff exhausted his administrative remedies long before filing suit.

Plaintiff has alleged sufficient facts to state a cognizable claim against Warden Hardy. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Plaintiff's grievance and allegations that he spoke directly to Hardy put him on notice that Plaintiff's medical needs were not being met. Plaintiff has alleged sufficient facts to place Defendant Hardy on notice that he is alleging that he was deliberately indifferent to his continuing inability to have his permits honored and to obtain his prescribed orthopedic shoes.

For the foregoing reasons, Defendant Hardy's motion to dismiss [#11] is denied. Defendant Hardy is directed to answer or otherwise plead within thirty days of the date of this order.